UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COEUR D'ALENE OF CASCADIA LLC dba COEUR D'ALENE HEALTH AND REHABILITATION OF CASCADIA, a foreign limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KRYPTON HEALTH SERVICES LLC, a foreign corporation, dba ARRIS HEALTH,<br><br>Defendant. | Case No. 2:24-cv-00294-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is the defendant's motion to dismiss and alternative motion to enforce and stay proceedings pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. 11. For the reasons described below, the Court will grant the motion.

# BACKGROUND

In November 2021, the parties entered into a Respiratory Services Agreement for the provision of respiratory services to the patients and residents of

MEMORANDUM DECISION AND ORDER - 1

Plaintiff's facility. *Complaint* at ¶ 5, Dkt. 1. Defendant agreed to provide trained and qualified individuals to the facility to provide respiratory services. *Id.* Relevant here, Section 12 of the Respiratory Services Agreement also provides:

> Each party agrees to defend, indemnify, and hold the other party, its corporate parent, subsidiaries, affiliated companies, directors, officers, employees, and agents, wholly harmless for, from, and against any and all costs (including without limitation reasonable attorney's fees and costs of suit), liabilities, claims, losses, lawsuits, settlements, demands, causes, judgments, and expenses arising from or connected with the acts or omissions of the indemnifying party, to the extent that such costs and liabilities are alleged to result from its negligence or willful misconduct.

*Id.* at ¶ 6.

In December 2023, after Plaintiff's employees prepared a patient for bed, one of Defendant's employees connected that patient to the respirator. *Id.* at ¶ 9. Plaintiff alleges that Defendant's employee failed to ensure that the patient's respirator was on and operating properly, ultimately resulting in the patient's death. *Id.* at ¶ 9–13. In March 2024, Plaintiff received correspondence from an attorney representing the patient's widow expressing her intent to file a wrongful death action against the plaintiff. *Id.* at ¶ 14. Pursuant to Section 12, Plaintiff tendered its defense and indemnification of the wrongful death claims. *Id.* at ¶ 15. Defendant denied the tender, claiming it had no duty to defend or indemnify Plaintiff. *Id.* at ¶ 16. Soon after, Plaintiff filed this action seeking declaratory judgment that the March 2024 constitute a "claim, loss, lawsuit, settlement, demand and/or cause"

such that Defendant owes Plaintiff a duty to defend and indemnify. *Id.* at ¶ 22.

## LEGAL STANDARD

Defendant's motion to dismiss is brought pursuant to Rule 12(b)(1) and 12(b)(6). Where both jurisdictional and merits grounds are presented, the Court looks to the jurisdictional issues first. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

A complaint must be dismissed on a Rule 12(b)(1) motion if a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack on subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Defendant's motion questioning the sufficiency of the allegations in the Amended Complaint presents a facial challenge. When evaluating a facial challenge, the court must take all the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020).

**MEMORANDUM DECISION AND ORDER - 3**

Likewise, on a Rule 12(b)(6) motion, the Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[T]he court accepts the facts alleged in the Complaint as true, and dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when it pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

## ANALYSIS

Defendant argues the Court lacks subject matter jurisdiction over this case because the claims are not ripe. Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993) (internal citation omitted). Where, as here, a declaratory judgment action is before the court based on diversity jurisdiction, "the question whether a justiciable controversy exists within the purview of the Declaratory

**MEMORANDUM DECISION AND ORDER - 4**

Judgment Act, 28 U.S.C. 2201, is determined federal law. Where, however, substantive law governing the rights of the parties is relevant to the Court's analysis, state law applies." *St. Paul Fire and Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979) (internal citations omitted).

Pursuant to Idaho law, "[t]he duty to defend and indemnify are separate, independent duties." *Deluna v. State Farm Fire and Cas. Co.*, 233 P.3d 12, 16 (Idaho 2008). As a result, the "duty to defend and duty to indemnify claims arise and ripen at different points." *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 894 (9th Cir. 2003) (Ferguson, J., dissenting). Under Idaho law, "[t]he duty to defend arises upon the filing of a complaint whose allegations, in whole or in part, read broadly, reveal a potential for liability that would be covered by the insured's policy." *Hoyle v. Utica Ins. Co.*, 48 P.3d 1256, 1260–61 (2002). In contrast, the duty to indemnify arises once the indemnitee "has suffered the loss or damage against which he was to be saved harmless, or the liability against which he was to be protected has become fixed and absolute." *Caldwell v. McKenna*, 33 P.2d 366, 368 (Idaho 1934). For instance, in the insurance context, "the duty to indemnify is triggered only where an insurance company would be obligated to pay the underlying action regardless of how it fulfilled its duty to defend." *Deluna*, 233 P.3d at 16. The duty to defend is broader than the duty to indemnify such that

MEMORANDUM DECISION AND ORDER - 5

where there is no duty to defend, there can be no duty to indemnify. *See Hoyle*, 48 P.3d at 1264.

While most, if not all, Idaho case law addressing the duty to defend and indemnify arise in the insurance context, Plaintiff has not identified any principle suggesting these duties operate differently when they arise from a non-insurance contract. *See Mintun v. Blades*, No. CV-06-139-S-BLW, 2008 WL 711636, at *17 (D. Idaho Mar. 14, 2008) ("There is no indication that Idaho law would not require one who is not an insurer, but who has entered into a contract to defend and indemnify, to similarly determine at the outset of a legal action whether a defense should be made. . ."). Accordingly, because no third-party complaint has been filed, any dispute over Defendant's duty to defend or indemnify is not ripe. Plaintiff's claim is therefore not ripe and the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## ORDER

**IT IS ORDERED that** Plaintiff's Motion to Dismiss (Dkt. 11) is **GRANTED**.

DATED: November 19, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 7**